# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 16-00064-TLM |
| SAITO BROS INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**SUMMARY DECISION REGARDING AUTOMATIC STAY**
_____

On January 21, 2016, Saito Bros Inc. ("Debtor") filed a petition commencing a chapter 11 case. On January 27, creditor Mark B. Perry ("Perry") filed a motion for relief from the § 362(a) stay regarding certain real property located in Washington County, Idaho. Doc. No. 11 ("Motion"). Perry specifically brought the Motion under § 362(d)(2)(A) and (B), alleging there was no equity in that property and it was not necessary to an effective reorganization. Perry estimated the value of the property as between approximately $746,000 and $759,000 based on tax assessments. Perry asserted the presence of secured claims and liens of $1,181,725.41 in addition to his own $469,339.64, or a total of $1,651,065.05.

On February 8 and 9, Debtor filed its schedules. Schedule A alleged the value of the Washington County property as $1,100,000. Doc. No. 25 at 6. Schedule D suggests claims exist which are secured by the real property (along

SUMMARY DECISION - 1

with, at times, other assets) totaling $1,651,070.05, a figure within only a few dollars of that alleged by Perry. Doc. Nos. 28, 29.

On February 16, Debtor filed an objection to the Motion. Doc. No. 38. In that objection, Debtor stated that it did not dispute Perry's obligation and lien, and that it "believes that Perry's additional averments regarding the other liens against Debtor . . . are accurate" even though it also alleges that Debtor had not confirmed the nature and status of such liens. *Id.* at 2. Debtor also conceded that reorganization was not feasible and that it would seek to convert the case to chapter 7. *Id.* at 2–3. Additionally, Debtor alleged that, from an "informal valuation," it believed the property was worth $1,178,772. *Id.* at 3. This figure is only $78,772 higher than what Debtor alleged in its schedule A, and is still well shy of the claims against the property per its own schedules.

On February 25, Debtor filed both a motion to convert to chapter 7, Doc. No. 42, and a notice of hearing setting Perry's Motion for a March 14 hearing, Doc. No. 43. The motion to convert was scheduled by Debtor for a March 28 hearing. Doc. No. 44. However, the Court entered on February 26 a *sua sponte* Order, based on § 1112(a) and Debtor's request for conversion, immediately converting the case and vacating the March 28 hearing. Doc. No. 45.

On March 4, Perry requested entry of an order on the Motion, contending

SUMMARY DECISION - 2

that the stay terminated by operation of § 362(e).[1]  Doc. Nos. 49, 49-1.  Later the same day, the chapter 7 trustee, Janine Reynard ("Trustee") filed an objection to the request for immediate entry of an order and an objection to the Motion itself.  Doc. No. 50.  Trustee argues that, even though no order continuing the stay in effect was entered within the 30 day period of § 362(e), the February 26 order of conversion occurred within such period.[2]  Trustee wants to evaluate possible sale of the property in her liquidation of estate assets in order to satisfy secured claims and create a fund for distribution to unsecured creditors.  At the hearing on March 14 on her objection, Trustee and counsel for another secured creditor on the property indicated that preliminary discussions had occurred about a "carve out" that might achieve this result.

The problem, as Perry emphasizes, is that no order continuing the stay in effect was entered within the requisite 30-day period of § 362(e).  While counsel for Debtor timely filed an "objection" to the Motion, the same effectively conceded the grounds for relief under § 362(d)(2)(A) and (B) alleged by Perry.  Moreover, such counsel failed to schedule a timely hearing on the Motion and

---

[1] The Motion was properly filed and served on January 27.  *See* § 362(d); Fed. R. Bankr. P. 4001; LBR 4001.2.  Under § 362(e)(1), "[t]hirty days after a request . . . for relief from the stay of any act against property of the estate . . . such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect[.]"

[2] Calculating § 362(e)'s 30-day period consistent with the requirements of Fed. R. Bankr. P. 9006(a)(1)(A) and (C), the 30th day was February 26.  This moots the need to discuss the additional 3-day period added by Fed. R. Bankr. P. 9006(f).

SUMMARY DECISION - 3

Debtor's objection under § 362(e) and LBR 4001.2, waiting until the twenty-ninth day, February 25, to file a notice of hearing, and then setting that hearing for March 14. The stay terminated under § 362(e). *In re Foldesi Family Land Tr. #3*, 2003 WL 25273865 (Bankr. D. Idaho Feb. 28, 2003).

It is here not only a question of the absence of an order under § 362(e). Trustee's own objection effectively concedes the propriety of relief under § 362(d)(2)(A) and (B). Trustee's analysis shows there is no "equity" in the property as that term is used in § 362(d)(2)(A). And there is, perforce, no "reorganization" now that the case is in chapter 7. *See In re Polla*, 2015 WL 3745294 (Bankr. D. Idaho June 12, 2015). If Trustee wants to negotiate a potential "carve out" and sale of the property, she will have to undertake the same in light of the stay's termination and include Perry in those negotiations as well.

Based on the foregoing, the objections of Trustee will be overruled, and Perry may submit a form of order consistent herewith.

DATED: March 16, 2016

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY DECISION - 4